Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| RAFAEL SUBERO COLLAZO<br><br>Recurrido<br><br>v.<br><br>AUTOS DE SAN JUAN, INC.<br><br>Recurrente | KLRA202400548 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Sobre: Compraventa de Vehículo de Motor<br><br>Querella Número: ARE-2023-0005878 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2025.

La parte recurrente, Autos de San Juan, Inc., comparece ante nos para que dejemos sin efecto la determinación emitida por el Departamento de Asuntos del Consumidor (DACo), el 26 de agosto de 2024, notificada el 4 de septiembre de 2024. Mediante la misma, el referido organismo declaró *Con Lugar* una *Querella* instada por el recurrido, el señor Rafael Subero Collazo, y decretó la resolución del contrato entre las partes.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida.

### I

El 13 de noviembre de 2023, el recurrido presentó la querella de epígrafe. En la misma, alegó que, el 21 de febrero de 2023, adquirió un vehículo usado, mediante contrato de compraventa con la parte recurrente, por la suma de diez mil novecientos noventa y cinco dólares ($10,995.00). Adujo que, casi inmediatamente después de la compra, el vehículo presentó problemas de sobrecalentamiento y encendido de la luz indicadora de "*check*

*engine*".    Indicó que, tras instar el reclamo de reparación en garantía, entregó el vehículo a la parte recurrente, el 15 de abril de 2023, para que fuese reparado.    Arguyó que, tras entregar el vehículo y mantenerse en comunicación con la parte recurrente, el 18 de agosto de 2023 visitó el concesionario para indagar sobre la reparación de su auto, y fue informado que aún no estaba listo. Ese día, el recurrido solicitó que le cambiaran el vehículo por uno de valor similar, pero la parte recurrente se negó e insistió en que repararía el mismo.    Por tanto, solicitó la devolución de las prestaciones por la suma de diez mil novecientos noventa y cinco dólares ($10,995.00), así como costas y honorarios de abogado, en caso de que la querella no fuese resuelta por la vía transaccional.

Tras varias incidencias procesales, el 7 de junio de 2024, el DACo celebró una vista administrativa de manera presencial. En esta, el recurrido declaró que compró un vehículo de motor usado, Chrysler 200 del año 2015, con millaje de setenta y seis mil cuatrocientas cuarenta y tres (76,443) millas. Sostuvo que los problemas del carro surgieron aproximadamente a la semana siguiente de adquirir el mismo. Arguyó que intentó corregir los problemas de calentamiento y encendido de la luz indicadora de "*check engine*" a través de dos (2) mecánicos de su confianza, pero al estos no poder resolver la situación, acudió al concesionario para reclamar la reparación de su vehículo en garantía. Indicó que, después que la parte recurrente acordó recibir el automóvil, el recurrido lo entregó al concesionario el 15 de abril de 2023. Además, expresó que, habiendo transcurrido casi catorce (14) meses de haber entregado el vehículo, aun desconocía el paradero del mismo, y que la parte recurrente tampoco le había informado que su vehículo estuviese reparado. Incluso, expuso haber advenido en conocimiento de que tres mecánicos, contactados por la parte recurrente, verificaron el vehículo, pero no resolvieron el problema.

Sostuvo haber peticionado el cambio del vehículo, y haber presentado la querella de epígrafe. A su vez, a tenor con lo esbozado, solicitó a la parte recurrente el reembolso de lo pagado por el automóvil.

Por su parte, la parte recurrente no presentó prueba testifical o documental en contra de lo declarado por el recurrido. La recurrente se limitó a indagar sobre las gestiones realizadas por los dos (2) mecánicos que intentaron reparar el vehículo antes de que fuese entregado al concesionario.

Luego de evaluada la prueba presentada, el 26 de agosto de 2024, notificada el 4 de septiembre del mismo año, el DACo emitió la *Resolución* que nos ocupa. Mediante la misma, declaró *Con Lugar* la *Querella* presentada por el recurrido, y decretó la resolución del contrato de compraventa entre las partes. Esencialmente, el foro administrativo basó su determinación en la Regla 29.3 del Reglamento de Garantías de Vehículos de Motor del DACo, Reglamento Núm. 7159, aprobado el 1 de junio de 2006, la cual faculta a la referida agencia a decretar la resolución de un contrato, a opción del consumidor, siempre y cuando el vendedor haya tenido oportunidad razonable para reparar el defecto, pero no haya podido corregirlo. Conforme a lo expuesto, la agencia ordenó a la recurrente a reembolsar la suma de once mil ciento noventa y cinco dólares ($11,195.00), al recurrido, en un término de treinta (30) días.[1]

Inconforme, el 4 de octubre de 2024, la parte recurrente compareció ante nos mediante el presente recurso de revisión administrativa. En el mismo, formula el siguiente planteamiento:

> Erró el Departamento de Asuntos del Consumidor, ya que su determinación no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración.

---

[1] El precio del vehículo fue diez mil novecientos noventa y cinco dólares ($10,995.00) más doscientos dólares ($200.00) por el pago de la tablilla.

Luego de examinar el expediente ante nuestra consideración, así como la transcripción de los procedimientos orales en el tribunal apelado, y con el beneficio de la comparecencia de las partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. Bella Retail Group, Inc.,* 2024 TSPR 70, 213 DPR ___ (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 2024 TSPR 29, 213 DPR ___ (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty II et al.,* 179 DPR 923, 940 (2010). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra; *The Sembler Co. v. Mun. de Carolina,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por *evidencia sustancial* que surja de la *totalidad del expediente administrativo.* *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. Bella Retail Group, Inc.,* supra;

*Voili Voilá Corp. v. Mun. Guaynabo,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 853 (2007).

Por otro lado, sabido es que las reglas y reglamentos aprobados por las agencias administrativas constituyen normas de carácter general, que ejecutan la política pública en la que descansa la función de determinado organismo. 3 LPRA sec. 9603 (m). Nuestro ordenamiento jurídico reconoce el valor vinculante de los preceptos estatuidos por una agencia por lo que su cumplimiento le es plenamente oponible a la ciudadanía. De este modo, las reglas y reglamentos aprobados por un organismo administrativo limitan su discreción, quedando llamado, entonces, a velar porque las prerrogativas y requisitos estatutarios reconocidos en los mismos sean cumplidos. *Torres v. Junta Ingenieros,* 161 DPR 696, 704 (2004).

**B**

El DACo fue creado como una agencia especializada con el propósito primordial de vindicar e implantar los derechos del consumidor y proteger los intereses de los compradores. Artículos 2 y 3 de la Ley Núm. 5 del 23 de abril de 1973, según enmendada, conocida como la Ley Orgánica del Departamento de Asuntos del Consumidor, 3 LPRA sec. 341 (a)(b). Como parte de los poderes conferidos al Secretario de DACo están el atender, investigar y resolver las querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía. 3 LPRA sec. 341e (c). Igualmente, a este organismo se le impuso el deber de implementar una estructura de adjudicación administrativa mediante la cual se deben considerar las querellas de los consumidores y se deben conceder los remedios pertinentes conforme al derecho aplicable. 3 LPRA sec. 341 e (d).

Así las cosas, el Reglamento Núm. 7159, *supra,* fue aprobado por el DACo con el objetivo de proteger adecuadamente a los

consumidores que adquieren vehículos de motor en Puerto Rico.[2] El referido Reglamento tiene, entre otros propósitos, proteger a los consumidores y sus inversiones en la adquisición de vehículos de motor, al igual que procurar que dichos automóviles sirvan los propósitos para los que fueron adquiridos, mientras reúnen las condiciones mínimas necesarias para garantizar la protección de vida y propiedad. Regla 2 del Reglamento Núm. 7159, *supra.* Igualmente, tiene como finalidad prevenir las prácticas ilícitas en la venta de vehículos de motor. *Id.*

En lo pertinente a la controversia de epígrafe, la Regla 26.1 del referido Reglamento prohíbe la venta de vehículos de motor usados, sin garantía. A su vez, la Regla 26.2 establece los criterios que debe tener la misma, basado en el millaje recorrido por el auto y según la siguiente escala:

a) Hasta 36,000 millas – cuatro (4) meses o cuatro mil (4,000) millas, lo que ocurra primero.

b) Más de 36,000 millas y hasta 50,000 millas – tres (3) meses o tres mil (3,000) millas, lo que ocurra primero.

c) Más de 50,000 millas y hasta 100,000 millas – dos (2) meses o dos mil (2,000) millas, lo que ocurra primero.

Por su parte, la Regla 29 del aludido Reglamento regula las obligaciones del vendedor al proveer servicios de reparación en garantía a vehículos de motor usados. A saber, el vendedor tiene que recibir los vehículos para llevar a cabo reparaciones, al momento en que el consumidor lo solicite. Regla 29.1 del Reglamento Núm. 7159, *supra.* Dichos servicios se proveerán dentro de un término razonable que no exceda de seis (6) días laborables a partir de la fecha en que el consumidor lo solicitó. Regla 29.2 del Reglamento Núm. 7159, *supra.*

---

[2] El antedicho Reglamento fue enmendado por el Reglamento Núm. 7920 del 3 de octubre de 2010. No obstante, no tuvo efecto en cuanto a la vigencia de la disposición aplicable a la causa que nos ocupa.

A su vez, la Regla 29.3 del referido Reglamento dispone lo siguiente:

29.3 – OPORTUNIDAD RAZONABLE PARA REPARAR DEFECTOS – El Departamento, podrá a opción del consumidor, decretar la resolución del contrato o reducir proporcionalmente su precio de venta de acuerdo a las disposiciones del Código Civil de Puerto Rico en aquellos casos en que el vendedor o su representante, dentro de los términos de la garantía, tuvo oportunidad razonable para reparar uno o más defectos, pero no quiso o no pudo corregirlos. Lo que constituye oportunidad razonable de reparar se determinará tomando en consideración las circunstancias particulares del caso.

**III**

Al examinar el expediente ante nuestra consideración, al amparo del estado de derecho antes esbozado, no encontramos fundamento alguno para revocar el dictamen recurrido. Ello, dado a que la parte recurrente no logró demostrar que hubiese evidencia en el expediente administrativo para concluir que DACo erró al decretar la resolución del contrato entre las partes y ordenar el reembolso de once mil ciento noventa y cinco dólares ($11,195.00) al recurrido.

El recurrente planteó en su alegato que la determinación del DACo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. No obstante, la evidencia sustancial presentada en este caso dejó establecido que la parte recurrente incumplió con su obligación de honrar la garantía, ya fuese reparando los desperfectos del vehículo usado o reduciendo proporcionalmente su precio de venta. A pesar de que el recurrente aceptó el vehículo y manifestó su disposición de reparar el mismo en garantía, transcurrieron alrededor de catorce (14) meses desde que el recurrido entregó el vehículo para reparación y, a la fecha de la vista administrativa, todavía no había sido reparado. Es más, el día de la celebración de la vista administrativa, el recurrido desconocía dónde se encontraba su vehículo.

Así pues, quedó claramente establecido que la parte recurrente tuvo una oportunidad más que razonable para reparar el vehículo. Sin embargo, incumplió con su obligación. Por ello, coincidimos con el DACo en que procede la resolución del contrato de compraventa entre las partes, al amparo de la Regla 29.3 del Reglamento Núm. 7159, *supra.* Consecuentemente, por existir evidencia sustancial que fundamenta la decisión agencial, en la cual se aplicó correctamente el aludido Reglamento, confirmamos la *Resolución* recurrida.

**IV**

Por los fundamentos que anteceden, se confirma la resolución administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones